IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Derrick Timothy Davis, ) | Case No. 2:23-cv-04083-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Sarah Samuel, *Captain*; James ) | |
| Samuel, *Sgt.*; Shannon Stubb, *Sgt.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on a motion for summary judgment filed by Defendants and a motion to appoint counsel filed by Plaintiff. [Docs. 38; 78.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings.

On February 26, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendants' motion for summary judgment be granted. [Doc. 65.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id*. at 11.] No party has filed objections, and the time to do so has lapsed.*

---

* The Court extended Plaintiff's deadline for filing objections to the Report when it denied his previous motions to appoint counsel [Docs. 67; 72], which were filed after the Report was filed. [Doc. 76 at 3–4.] The extended deadline for filing objections expired over two weeks ago, and Plaintiff still has not filed objections.

On April 24, 2025, the Clerk entered Plaintiff's motion to appoint counsel on the docket. [Doc. 78.] Defendants filed a response in opposition to the motion on May 6, 2025. [Doc. 80.] Accordingly, this motion is ripe for review, and the Court denies it for the same reason it denied Plaintiff's previous motions to appoint counsel; namely, that Plaintiff has not shown exceptional circumstances to warrant the appointment of counsel when considering the factors addressed by the court in *Jenkins v. Woodard*, 109 F.4th 242 (4th Cir. 2024). [*See* Doc. 76.] Nothing in Plaintiff's most recent motion to appoint counsel provides a basis for the Court to reach a different conclusion.

With respect to the summary judgment motion and the Report, the Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.

Accordingly, Defendants' motion for summary judgment [Doc. 38] is GRANTED, and Plaintiff's motion to appoint counsel [Doc. 78] is DENIED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

May 23, 2025
Charleston, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.